| | |
|---|---|
| KEVIN LAMONTE WHITE, ) <br> ) <br> *Plaintiff,* ) <br> v. ) <br> ) <br> THE HAMILTON COUNTY JAIL, ) <br> C.O. SENTELL, C.O. ROBERTS, ) <br> C.O. GARRETT, C.O. SIMMINS, ) <br> 2ND SHIFT OFFICERS, HAMILTON ) <br> COUNTY JAIL PARAMEDICS; ) <br> ) <br> *Defendants*. ) | No. 1:08-CV-53 <br><br> Mattice/Lee |

## MEMORANDUM AND ORDER

Plaintiff Kevin Lamonte White ("White") has filed a *pro se* prisoner's civil rights complaint pursuant to 42 U.S.C. § 1983 against the Hamilton County Jail ("Jail"), Corrections Officer Sentell ("C.O. Sentell"), Corrections Officer Roberts ("C.O. Roberts"), Corrections Officer Garrett ("C.O. Garrett"), Corrections Officer Simmins ("C.O. Simmins"), 2nd Shift Officers ("John Doe Officers"), and Hamilton County Jail Paramedics ("Paramedics"). White claims he tripped and fell into an uncovered drain in a day-room at the jail after exiting the shower. He further claims that Sargent Jones and his staff were medically "unprofessional and negligent" when they dragged him from his cell on a blanket and that he was exposed to unprofessional conduct by C.O. Simmins and paramedics when they ridiculed and verbally abused him. White seeks financial compensation. In addition, he requests that the Jail employees be disciplined or terminated and that the jail cells be repaired and maintained (Court File No. 3). For the reasons explained below, Mr. White's Complaint will be **DISMISSED**.

I.   **APPLICATION TO PROCEED IN FORMA PAUPERIS**

It appears from the application to proceed *in forma pauperis* submitted by White that he lacks sufficient financial resources at the present time to pay the required filing fee of $350.00. White is not, however, relieved of the ultimate responsibility of paying the $350.00 filing fee. Since White is an inmate at the Hamilton County Jail in Chattanooga, Tennessee, he will be **ASSESSED** and **SHALL** pay the full civil filing fee of three-hundred and fifty dollars ($350.00) pursuant to the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321, codified in 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of White's inmate trust account at the institution where he now resides shall submit to the Clerk, United States District Court, Room 309, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of

   (a)   twenty percent (20%) of the average monthly deposits to White's inmate trust account; or

   (b)   twenty percent (20%) of the average monthly balance in White's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of White's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk of Court is **DIRECTED** to send a copy of this Memorandum and Order to the Warden and Custodian of Inmate Trust Fund Accounts at the Hamilton County Jail, the Commissioner of the Tennessee Department of Corrections, and the Attorney General for

the State of Tennessee to ensure the custodian of White's inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of White shall collect the filing fee as funds become available. This Order shall become a part of inmate White's file and follow the inmate if he is transferred to another institution. The agency having custody of White shall continue to collect monthly payments from his prisoner account until the entire filing fee of $350.00 is paid.

## II. <u>STANDARD OF REVIEW</u>

### A. Pro Se Pleadings

All well-pleaded factual allegations contained a complaint must be sufficient "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). Mere "labels and conclusion" will not do. *Id*. 127 S.Ct. at 1965. Moreover, a *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

*Pro se* status does not, however, exempt the Plaintiff from the requirement that he comply with relevant rules of procedural and substantive law. *Hulsey v. State of Texas,* 929 F.2d 168, 171 (5th Cir. 1991); *Birl v. Estelle,* 660 F.2d 592, 593 (5th Cir. 1981). *Pro se* plaintiffs must comply with Rule 8 of the Federal Rules of Civil Procedure, which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." *LRL Properties v. Portage Metro Housing Authority,* 55 F.3d 1097, 1104 (6th Cir. 1995). Although the standard of review is liberal,

it does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. Of Educ.,* 76 F.3d 716, 726 (6th Cir. 1996) (standard of review for dismissing a complaint pursuant to FED. R. CIV. P. 12(b)(6) - failure to state a claim upon which relief may be granted); *LRL Properties,* 55 F.3d at 1103-04; *Allard v. Weitzman (In re DeLorean Motor Co.),* 991 F.2d 1236, 1240 (6th Cir. 1993); *Hartfield v. East Grand Rapids Public Schools,* 960 F. Supp. 1259, 1268 (W.D. Mich. 1997).

**B.     Screening Pursuant to 28 U.S.C. §§ 1915A and 1915(e)**

The Court screens the complaint pursuant to 28 U.S.C. § 1915A and § 1915(e). Title 28 U.S.C. §§ 1915(e)(2), 1915A, and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss complaints filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous or fail to state a claim upon which relief can be granted. *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

**III.   FACTS**

Plaintiff claims that on December 4, 2007, at 9:30 p.m., he tripped and fell into a uncovered drain in day-room 5E3 at the Hamilton County Jail in Chattanooga, Tennessee as he was drying off after getting out of the shower. The drain had been uncovered since October of 2007 because the cover did not properly fit over the drain (Court File No. 3). White was in pain on the floor when Sargent Jones, his officers, and the paramedics came into the cell laughing at him and making fun of his "education history." [Court Doc. 3, p. 4]. They placed White on a small blanket and dragged him "out of the cell thru the small cell curadoor [sic] and over several imperfections in the floor.

C.O. Simmins escorted White to Erlanger Hospital. On the way there, C.O. Simmins joked about White's condition, stating that he was not hurt. While at Erlanger Hospital, Mr. White asked the nurse to x-ray his toe but she told him to bend it, which he did, and she told him it was not broken. C.O. Simmins then thumped his toe and laughed, causing White pain. The x-rays revealed that White's spinal cord is crooked and his lower back was fractured.

## IV.     ANALYSIS - 42 U.S.C. § 1983 CLAIM

To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States by a person acting under color of law, without due process of law. *Flagg Brothers Inc. v. Brooks,* 436 U.S. 149, 155 (1978); *Chatman v. Slagle,* 107 F.3d 380, 384 (6th Cir. 1997); *Brock v. McWherter,* 94 F.3d 242, 244 (6th Cir. 1996); *O'Brien v. City of Grand Rapids,* 23 F.3d 990, 995 (6th Cir. 1994); *Rhodes v. McDannel*, 945 F.2d 117, 119 (6th Cir. 1991) *cert. denied,* 502 U.S. 1032 (1992).

### A.     Identity of Defendants

Plaintiff identifies the Hamilton County Jail, C.O. Sentell, C.O. Roberts, C.O. Garrett, C.O. Simmins, John Doe Officers, and Paramedics as defendants in this case.

#### 1.     Hamilton County Jail

The Jail is not a legal entity amenable to suit under 42 U.S.C. § 1983, but is merely a name assigned to the building which houses inmates. The Jail is not a municipality, but rather, a building in the county and, as such, is not a separate legal entity which can be sued. Therefore, the Jail is not a "person" within the meaning of § 1983. *Shoemaker v.*

*Greene County "Jail" Detention Center,* 2007 WL 2159295 (E.D.Tenn. July 26, 2007) ( "The Greene County "Jail" Detention Center is a building and not a "person" who can be sued under § 1983 ." );*Seals v. Grainger County Jail*, 2005 WL 1076326 (E.D. Tenn. May 6, 2005) ("The Grainger County Jail, however, is not a suable entity within the meaning of § 1983"). Accordingly, all claims brought by Plaintiff against the Jail pursuant to 42 U.S.C. § 1983 will be **DISMISSED** as frivolous for failure to state a claim. 28 U.S.C. §§ 1915A & 1915(e).

    2.  Hamilton County Correctional Officers and Paramedics

White has also named C.O. Sentell, C.O. Roberts, C.O. Garrett, C.O. Simmins, John Doe Officers, and Paramedics as defendants. White has failed to identify in what capacity he has sued these Defendant. The complaint does not indicate whether Defendants are being sued in their official capacity, individual capacity, or both.

A suit brought against a public, government official will not be construed as seeking damages against the defendants in their individual capacities unless such a claim for individual liability is clearly and definitely set forth in the pleading. *Pelfrey v. Chambers*, 43 F.3d 1034, 1038 (6th Cir.), *cert. denied*, 515 U.S. 1116 (1995); *Thiokol Corp. v. Department of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 383 (6th Cir. 1993); *Lovelace v. O'Hara*, 985 F.2d 847, 850 (6th Cir. 1993); *Hardin v. Straub*, 954 F.2d 1193, 1199-1200 (6th Cir. 1992); *Wells v. Brown*, 891 F.2d 591 (6th Cir. 1989); *Johnson v. Turner*, 855 F. Supp. 228, 231 (W.D. Tenn. 1994), *aff'd*, 125 F.3d 324 (6th Cir. 1997). Generally, absent any express indication that a defendant is being sued in his individual capacity, the Court must assume he is being sued only in his official capacity as an

employee of the governmental entity. *Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir.), *cert. denied*, 502 U.S. 883 (1991); *Wells*, 891 F.2d at 593-94.

Although it is preferable that plaintiffs explicitly state whether a defendant is sued in his or her individual capacity, the failure to do so is not fatal if the complaint or other filed documents provide sufficient notice to the defendant that he is being sued as an individual. In *Moore v. City of Harriman*, 272 F.3d 769 (6th Cir. 2001), the caption on Moore's complaint listed the officers' names, not their official titles; the complaint referred to the officers throughout as the "individual defendants;" the complaint identified the officers as "acting for themselves and for the City . . . "; and Moore sought compensatory and punitive damages against each of the defendants. The United States Court of Appeals for the Sixth Circuit stated that taken as a whole, the complaint likely provided sufficient notice to the officers that they were being sued as individuals. *Id*. at 774. The Sixth Circuit further ruled that "Moore's response to the officers' motion to dismiss clarified any remaining ambiguity: 'The individuals named are police officers who are being sued in their individual capacities for using excessive and unreasonable force while making an arrest of the Plaintiff on April 7, 1996.'" *Moore v. City of Harriman*, 272 F.3d at 773, 774.

The complaint before this Court is not analogous to the complaint in *Moore*. In the case at bar, Plaintiff has failed to specify in his complaint that he was suing the Defendants as individuals, rather than in their official capacities. Indeed, the Defendants are identified as "Additional Defendants" by their official titles. Likewise, they are identified by their official titles in the statement of the claim [Court Doc. 3]. Plaintiff seeks monetary damage.

In addition, he requests that Defendants be disciplined or terminated from their employment [Court Doc.3].

Although Plaintiff does seek monetary damages, and the request for monetary damages is one factor that might place an individual on notice that he is being sued in this individual capacity, that fact alone is insufficient to place an official on notice that he is being sued in his individual capacity. *See Shepherd v. Wellman*, 313 F.3d 963, 969 (6th Cir. 2002)("Although *Moore* recognizes that the request for monetary damages is one factor that might place an individual on notice that he is being sued in his individual capacity, we do not read that case as holding that a request for money damages is alone sufficient to place a state official on notice that he is being sued in his individual capacity"). Thus, absent any clear indication in the complaint that these Defendants are being sued in their individual capacities, the Court must assume they are being sued in their official capacities. Id. at 772.

A claim against these Hamilton County Jail employees in their official capacities is treated as being an action against the governmental entity. *Hafer v. Melo*, 502 U.S. 21, 25 (1991); *Barber v. City of Salem, Ohio*, 953 F.2d 232, 237 (6th Cir. 1992). Because the Defendants have been sued only in their official capacities as employees of Hamilton County, the Court must proceed as if Plaintiff has in fact sued the County itself. Therefore, in order to prevail, Plaintiff must demonstrate that the alleged violation of his constitutional rights resulted from acts representing official policy or custom adopted by Hamilton County. *Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 658, 690-91 (1978);

*Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1245-46 (6th Cir. 1989), *cert. denied*, 495 U.S. 932 (1990).

In order to prevail in an action against a defendant in his official capacity, a plaintiff must show, first, that he has suffered harm because of a constitutional violation and second, that a policy or custom of the entity--in this case, Hamilton County--caused the harm. *See Collins v. Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). Plaintiff must identify the policy, connect the policy to the county itself, and show that the particular injury was incurred because of the execution of that policy; all of which Plaintiff has failed to do. *See Garner v. Memphis Police Dept*. 8 F.3d 358, 363-64 (6th Cir. 1993), *cert. denied*, 510 U.S. 1177 (1994) (citation omitted).

Plaintiff does not allege that the violation of his rights resulted from any policy or custom on the part of Hamilton County. Consequently, the Defendants are entitled to judgment as a matter of law.[1]

### B. Discussion of Claims on the Merits

#### 1. Failure to Repair Drain

White's primary complaint concerns the fall which he suffered on December 4, 2007. White claims he tripped and fell into an uncovered drain in day-room 5E3 as he was drying off after taking a shower. The drain cover had been off the drain since October 2007. White contends that although complaints about the safety hazard were made every Friday during inspection, the drain remained uncovered. While this claim most closely resembles a claim of deliberate indifference to inmate safety in violation of the Eighth Amendment's

---

[1] Even if White had sued the Defendants in their individual capacities, the complaint would still be dismissed, as explained below, for failure to state a claim upon which relief may be granted.

prohibition against cruel and unusual punishment, the claim does not allege either component required to prove an Eighth Amendment violation.

Not all prison conditions trigger Eighth Amendment scrutiny—only deprivations of basic human needs like food, medical care, sanitation, and physical safety. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). In order to prevail on a conditions of confinement claim, a plaintiff must allege facts which, if true, would satisfy both the objective and subjective components applicable to all Eighth Amendment claims.

The first, objective component requires that "the deprivation alleged must be, objectively, 'sufficiently serious,'" which means that "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy this objective component, prison conditions must be alleged to be sufficiently serious, and a violation of Eighth Amendment rights will be found only in those cases where a prisoner is deprived of the "minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. at 349. Stated differently, the Eighth Amendment imposes on prison officials a duty to "provide humane conditions of confinement." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

The second, subjective component requies that "a prison official must have a 'sufficiently culpable state of mind'" – one that is defined as "deliberate indifference." *Id*. at 834. A prison official cannot be held liable "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he

must also draw the inference." *Id*. at 837. Mere negligence is not enough to satisfy this subjective component. *See Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986).

In considering the types of conditions that constitute a substantial risk of serious harm, the Court considers the seriousness of the potential harm and the likelihood that the harm will actually occur. In addition, the Court considers evidence that unwilling exposure to that risk violates contemporary standards of decency, *i.e.*, that society does not choose to tolerate this risk in its prisons. *Helling v. McKinney*, 509 U.S. 25, 36 (1993).

In the case at bar, Mr. White's complaint does not approach the type of sustained exposure to unsanitary or hazardous conditions that may violate the Eighth Amendment. Furthermore, Mr. White's complaint fails to establish the subjective component of an Eighth Amendment violation. White must show that a prison official acted with "deliberate indifference" to a substantial risk that the prisoner would suffer serious harm. *Id.* at 32. "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835.

As a general rule, slip and fall claims come under the rubric of negligence. *Daniels v. Williams*, 474 U.S. 327 (1986). White does not allege that the Defendants made a deliberate decision not to repair the drain in an effort to inflict pain and bodily injury on him. Moreover, White does not allege that any of the named Defendants in this action removed the drain cover or were notified of the safety hazard. Thus, at most, the complaint alleges that some unidentified prison official(s) negligently failed to repair the drain in a timely manner.

Although Mr. White has arguably made sufficient allegations to show that some unidentified jail employee was negligent in not repairing the uncovered drain, negligence is not sufficient to hold defendants liable under § 1983. Even if the Court were to assume, for the sake of discussion, that Mr. White has made sufficient allegations that a jail official failed to act despite his or her knowledge of a substantial risk of serious harm, White has not made an allegation against any of the named Defendants sufficient to maintain a § 1983 claim. Mr. White has not alleged or demonstrated that any of the named Defendants were notified of the safety hazard. To be held liable under § 1983, a plaintiff must show that at least one of the defendants named in his complaint was personally notified and disregarded the safety hazard. Mr. White has not done this, as he does not identify any individual defendant responsible for the removal of the drain cover[2] or for failing to repair it. Mr. White does not identify who, if anybody, he told about the uncovered drain and therefore, he has not identified who was aware of the substantial risk of harm but failed to act.

Even construed liberally, White's complaint does not allege that his injury was caused by an unconstitutional policy or custom of Hamilton County. That White was taken

---

[2] Mr. White contends C.O. Rufanot asked inmate Willie Jackson to give him the drain cover because it was not properly secured over the drain hole. C.O. Rufanot, however, is not a party to this lawsuit. Even if the complaint were to state a claim against some unknown Jail employee, who is not a party to this action, it does not follow that Hamilton County is liable to White. A local governmental entity "is not vicariously liable under § 1983 for the constitutional torts of its agents: It is only liable when it can be fairly said that the city itself is the wrongdoer." *Collins v. City of Harker Heights*, 503 U.S. 115, 121 (1992). To establish a basis for Hamilton County to be liable, White must demonstrate Hamilton County pursued an official custom or policy of failing to adequately train its officers in a particular matter and that such official custom or policy was adopted by the official makers of policy with "deliberate indifference" towards the constitutional rights of person affected by the policy or custom. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 387-88 (1989). Thus, White must identify the policy, connect the policy to Hamilton County, and show that his injury was the result of execution of that policy. *See Searcy v. City of Dayton*, 38 F.3d 282, 287 (6th Cir. 1994).

to the Erlanger emergency room and received medical treatment for his injuries suggest that there is no policy or custom purposely to expose inmates to a substantial risk of serious harm. Rather, and at most, Mr. White's complaint suggests this was an isolated failure by Jail employees to repair the drain.

Accordingly, White has failed to state an Eighth Amendment claim against any of the named Defendants for failing to repair the drain. This claim will be **DISMISSED** for failure to state a claim upon which relief can be granted.

B. Removal From Cell

Mr. White claims Sargent Jones and his officers, along with the paramedics, placed him on a small blanket and dragged him out of the cell "thru the small cell curadoor [sic] and over several imperfections in the floor." Presumably, Mr. White is claiming that this conduct constitutes a substantial risk of serious harm in violation of the Eighth Amendment. Mr. White has not alleged, nor does the record demonstrate, that this conduct was anything more than negligence on the part of Sargent Jones, his officers, and the paramedics.

The United States Constitution requires that jail officials provide "humane conditions of confinement; prison officials must . . . 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. at 832 (quoting *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)). A prison official may be liable for the treatment of a pretrial detainee only if the deprivation is objectively "sufficiently serious," that is, "a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" *Farmer,* 511 U.S. at 834 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)).

Further, the prison official must be found to have a "sufficiently culpable state of mind." *Id.* at 834. The Supreme Court defines the state-of-mind requirement as deliberate indifference. *Id.* "[A]cting or failing to act with deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk." *Id.* at 836. More than mere negligence, however, must be shown. *See Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001).

Here, Mr. White does not allege or demonstrate that any named Defendant had a sufficiently culpable state of mind when they put him on the blanket and removed him from the cell. Indeed, Mr. White only alleges this action was unprofessional and negligent. There are no allegations that Mr. White was injured as the result of this method of removal or exposed to a substantial risk on harm. Although the Court acknowledges that this is not the normal method used to transport an injured patient, under the circumstances as alleged in the Complaint, the Court cannot conclude that Mr. White was exposed to a substantial risk of harm. Indeed, Mr. White himself only alleged that it was medically unprofessional and negligent [Court Doc. 3, p. 4].

Accordingly, Mr. White's claim regarding the method of removing him from his cell on a blanket fails to make out a constitutional violation.

C. Ridiculing by Defendants

Mr. White contends that Sargent Jones and his officers and the paramedics came into his cell and made jokes about Mr. White's educational history and laughed at him. Mr. White also claims that C.O. Simmins made jokes about his condition and thumped his sore toe. Again, Mr. White has not stated a constitutional violation. Although the Court

does not condone the described conduct by prison guards, such behavior does not rise to the level of a constitutional violation.

Although the intentional use of excessive force by prison guards against an inmate without penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under 42 U.S.C. § 1983, *Hudson v. McMillain*, 503 U.S. 1, 9 (1992), "[t]he prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind.'" *Id.* at 9-10 (some internal quotes and citations omitted). Thus, every malevolent touch by a prison guard does not give rise to a federal cause of action. *Id.* at 9; *Johnson v. Glick*, 481 F.2d 1028, 1033 (2nd Cir. 1973) ("Not every push or shove, even if it may later seem unnecessary in the peace of judge's chambers, violates a prisoner's constitutional rights"). Accordingly, the use of force employed by C.O. Simmins in thumping Mr. White on his sore toe falls short of what is required for the Plaintiff to prevail on a claim of unreasonable force under the Fourteenth Amendment, and this claim will be **DISMISSED** for failure to state a claim upon which relief may be granted.

Similarly, Mr. White's claim that some of the defendants engaged in verbally abusive behavior, laughed at him, and ridiculed him, fails to state a constitutional violation. Neither derogatory or abusive language and conduct, nor verbal harassment and intimidation give rise to a constitutional violation cognizable under § 1983. *Paul v. Davis*, 424 U.S. 693 (1976); *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545-46 (6th Cir. 2004). Verbal harassment and verbal abuse by prison officials toward an inmate do not constitute

"punishment" within the meaning of the Eighth Amendment. *See Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987)(per curiam); *see also Estell v. Gamble*, 429 U.S. 97, 104 (1976).

A claim based on verbal threats will fail regardless of whether it is asserted under the Eighth Amendment's cruel and unusual punishment clause, or under the Fifth Amendment's substantive due process clause. *See Pittsley v. Warish*, 927 F.2d 3, 7 (1st Cir.), cert. denied, 502 U.S. 879 (1991). Although verbal harassment or threats with some reinforcing act accompanying them may state a constitutional claim, Mr. White has not alleged that the purported verbal harassment and ridicule was accompanied by any type of reinforcing physical act. *See Northington v. Jackson*, 973 F.2d 1518 (10th Cir. 1992) (guard put a revolver to the inmate's head and threatened to shoot); *Douglas v. Marino*, 684 F.Supp. 395 (D.N.J. 1988) (prison employee threatened inmate with a knife). If Mr. White's allegations are true, the behavior by the prison officials was certainly not commendable. Although the Court again does not condone the alleged verbal abuse, ridicule, and behavior, the Eighth Amendment does not afford the Court the power to correct every action, statement, or attitude of a prison official with which it might disagree. Consequently, White's allegations do not rise to the level of a viable § 1983 civil rights claim and he has failed to state a claim upon which relief may be granted.

In summary, the Sixth Circuit has concluded that harassment and verbal abuse do not constitute a constitutional violation. *Ivey*, 832 F.2d at 954-55. While the Court does not condone verbal harassment and ridicule and considers such behavior to be utterly unprofessional, such conduct is insufficient to establish a constitutional violation.

Accordingly, White's failure to state a claim against Defendants for verbal harassment and ridicule will result in the **DISMISSAL** of these claims pursuant for failure to state a claim on which relief may be granted.

## V.    CONCLUSION

Accordingly, and for the reasons explained above, the complaint will be **DISMISSED** in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim.

A separate judgment will enter.

*/s/Harry S. Mattice, Jr.*
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE
